## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GILBERT J. DAVIS,

    Plaintiff,

    v.

GARRETT W. SWICK,
ALYSSA BEDELL,
NICHOLAS E. DURGIN,
PAUL MAZZEI,
"CHS,"

    Defendants.

Civil Action No.: PJM-18-421

### MEMORANDUM OPINION

In this civil rights complaint, self-represented Plaintiff Gilbert J. Davis is suing federal law enforcement officers pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for allegedly violating Maryland State law and the Fourth and Fourteenth Amendments. Pending is Defendants' Motion to Dismiss. ECF No. 29. Davis opposes the motion. ECF No. 31. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Defendants' motion shall be granted, and the complaint dismissed.

### BACKGROUND

Davis alleges that the Federal Bureau of Investigation ("FBI") and Task Force Officers unlawfully "procured a Confidential Informant known as 'CHS' to intercept" his "oral communications." ECF No. 1 at 2. He states that on April 22, May 7, June 9, and September 15, 2015, CHS was provided recording equipment as well as cash for the purchase of four ounces of Phencyclidine (PCP) from Davis. *Id.* at 3. The transaction between CHS and Davis was captured on audio and video recordings but there were no warrants or court orders authorizing same. *Id.*

Davis also claims that from April 6, 2015 through February 22, 2016, Defendants Bedell, Swick, Durgin, Mazzei, and CHS "captured telephonic audio" of conversations Davis had with CHS and a friend of Davis's known as Mitchell Brooks. ECF No. 1 at 3. He states these interceptions were also completed without a warrant or a court order authorizing them. *Id.*

Davis asserts that the wiretaps and other recordings or interception of his communications violate the Maryland Wiretapping and Electronic Surveillance Act and violate his rights under the Fourth and Fourteenth Amendments. ECF No. 1 at 4-5. He seeks declaratory judgment and monetary damages as relief. *Id.* at 5.

Defendants seek dismissal of the complaint because the facts as alleged by Davis do not state either a constitutional violation or a violation of Maryland law. ECF No. 29 at 4-7. Additionally, they assert they are entitled to qualified immunity[1] and that Davis fails to specify how each individual Defendant named in the complaint engaged in allegedly unlawful conduct. *Id.* at 7-10.

As further background, Defendants explain the circumstances of Davis's arrest as follows:

In April 2012, the FBI-Washington D.C. Field office ("WFO") opened a full investigation into drug activity in the Washington, D.C. metropolitan area. In November 2014, WFO received information from the CHS that an individual identified as "Face" was selling Phencyclidine ("PCP") from an apartment located in the Southeast area of Washington, D.C. Subsequently, in December 2014 the Defendants, as investigators assigned to the WFO Cross-Border Task Force ("CBTF"), identified the individual known as Face as the Plaintiff.

Starting in April 2015, the CBTF with the consent of the confidential informant ("CHS"), proceeded to electronically monitor and record the drug related conversations between the CHS and Plaintiff. In May 2015, the CBTF opened a spin-off investigation into Plaintiff with the continued use of consensual electronic monitoring by the CHS. The recorded conversations between the CHS and Plaintiff resulted in several controlled purchases of PCP by the CHS from the Plaintiff in the months of April, May, June, August, and September of 2015 and February 2016. In each of the controlled purchases Agents Swick, Durgin,

---

[1] Because this Court finds that the complaint does not state a claim upon which relief may be granted, Defendants' claim to qualified immunity is not discussed herein.

Bedell, and TFO Mazzei obtained, photographed, and secured for evidence the PCP the CHS purchased from Plaintiff.

Plaintiff was subsequently arrested for the controlled purchases of PCP. On January 4, 2018, the Plaintiff was found guilty in the United States District Court for the District of Maryland for multiple violations of Title 18 U.S.C. §843(b) (use of a communication device to facilitate a drug business). On September 7, 2018, Plaintiff was sentenced to 92 months of imprisonment.

ECF No. 29 at 2.

In his Response, Davis simply restates the allegations of his complaint, attaches the exhibits submitted with the complaint which consist of FBI reports detailing the controlled buys set up by law enforcement, and a Motion to Suppress filed on his behalf in the context of his criminal case. ECF No. 31, *see also United States v. Davis, et al.*, Crim. Case TDC-16-585 at ECF No. 155. The Motion to Suppress was denied by oral order issued on December 11, 2017. *Id.* at Dkt. 299.

## STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-*

3

*Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

### A.    Federal Constitutional and Statutory Claim

Davis raises a Fourth Amendment[2] claim and alleges that Defendants violated 18 U.S.C.

§ 2511(1) but provides no real explanation regarding his theory as to how Defendants' actions

violated his rights.  Under well-established precedent there is "no legitimate expectation of privacy

in information" a person "voluntarily turns over to third parties" requiring the protection of the

Fourth Amendment. *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979).  "That remains true 'even

if the information is revealed on the assumption that it will be used only for a limited purpose.'"

*Carpenter v. United States*, __ U.S. __, 138 S. Ct. 2206, 2216 (2018) quoting *United States v.*

*Miller*, 425 U.S. 435, 443 (1976).  As the Supreme Court has noted, "one contemplating illegal

activities must realize and risk that his companions may be reporting to the police" and "if he has

no doubts, or allays them, or risks what doubt he has, the risk is his." *United States v. White*, 401

U.S. 745, 752 (1971).  Similarly, Davis had no legitimate expectation of privacy in the information

conveyed to the confidential informant to whom he sold PCP.

Additionally, Davis cannot support his claim that Defendants violated 18 U.S.C. § 2511(1)

because the interception and disclosure of the communications at issue fall squarely within the

exception stated in § 2511(2)(c), which states: "It shall not be unlawful under this chapter for a

person acting under color of law to intercept a wire, oral, or electronic communication, where such

person is a party to the communication or one of the parties to the communication has given prior

consent to such interception."  Here, the confidential informant was a party to the communication,

consented to the recordings or transmissions, and was cooperating with law enforcement. *See*

---

[2] The Fourteenth Amendment does not apply to actions taken by the federal government. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (explaining due process clause of the Fifth Amendment applies to the federal government as the Fourteenth Amendment applies to the States).  Davis's Fourteenth Amendment claim, which he does not explain, is without merit.

*United States v. Diaz-Diaz*, 433 F.3d 128 (1st Cir. 2009) (government informant's conversations with defendant came within exception to Omnibus Crime Control and Safe Streets Act because informant was a party to the conversation who gave prior consent); *United States v. Eschweiler*, 745 F.2d 435 (7th Cir. 1984) (the government's act of "wiring" defendant's associate to record incriminating conversations inside defendant's home did not violate defendant's Fourth Amendment rights); *United States v. Howell*, 664 F.2d 101 (5th Cir. 1981) (warrant not required to record conversations between defendants and government informant where government informant or agent consented to the recording); *United States v. King*, 587 F.2d 956 (9th Cir. 1978) (sound recording made by government agent who is a party to the conversation recorded is not a violation of the Fourth Amendment). Davis's claim that Defendants violated federal law is without merit.

**B.    State Law Claim**

Lastly, Davis asserts a claim that Defendants violated applicable Maryland law. Under Maryland's Wiretapping and Surveillance Act "it is unlawful for any person to . . . [w]illfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" except as otherwise provided. Md. Code Ann., Cts & Jud. Proc. § 10-402(a)(1). The exception that applies to this case provides that "[i]t is lawful under this subtitle for an investigative or law enforcement officer acting in a criminal investigation or any other person acting at the prior direction and under the supervision of an investigative or law enforcement officer to intercept a wire, oral, or electronic communication in order to provide evidence . . . of the commission of . . . dealing in a controlled dangerous substance." *Id.* at § 10-402(a)(2)(ii)(L). It cannot be reasonably disputed that the confidential informant involved in the

6

investigation of Davis was acting at the prior direction and supervision of federal law enforcement officers.  Accordingly, Davis's claim that Maryland State law was violated is also without merit.

**C.     Prisoner Litigation Reform Act (28 U.S.C. § 1915(g))**

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g).  *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike).  More recently, the Supreme Court held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020).  Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike.  Davis is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

**CONCLUSION**

By separate Order which follows, Defendants' Motion to Dismiss shall be granted as the complaint fails to state a claim upon which relief may be granted.  Davis will additionally be given a "strike" pursuant to 28 U.S.C. § 1915(g).

1/4/22
Date

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE